IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL MARIE HUTSLER,

      Plaintiff,                             No. CIV S-08-1942 KJM

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                        <u>ORDER</u>

/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated January 24, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ found plaintiff has a severe impairment due to severe orthopedic injuries sustained in a motor vehicle accident but this impairment does not meet or medically equal a listed impairment; plaintiff is not credible to the extent she alleged an inability to perform even sedentary work; plaintiff can perform sedentary work as long as it does not involve climbing ropes, ladders or scaffolding or working around heights; plaintiff can perform her past relevant work as a cashier; and plaintiff is not disabled. Administrative Transcript ("AT") 21. The Appeals Council granted plaintiff's request for review. The Appeals Council adopted the ALJ's

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

findings under steps 1, 2 and 3 of the sequential evaluation but rejected the finding that plaintiff could perform her past relevant work as a cashier because plaintiff's earnings were not sufficient to be considered substantial gainful activity.  AT 10-11.  However, using Rule 201.18 of the medical-vocational guidelines as a framework for decision-making, the Appeals Council found plaintiff is not disabled.  AT 11-12.  Plaintiff contends the ALJ did not properly develop the record and accorded improper weight to the opinion of her treating physician.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

III. <u>Analysis</u>

    A. <u>Development of the Record</u>

        Plaintiff contends the ALJ failed to properly develop the record. Disability hearings are not adversarial. See <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991); see also <u>Crane v. Shalala</u>, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996); <u>Wainwright v. Secretary of Health and Human Services</u>, 939 F.2d 680, 682 (9th Cir. 1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting <u>Smolen</u>, 80 F.3d at 1288.)

        Plaintiff asserts the record was not properly developed with respect to her asthmatic condition. Contrary to plaintiff's contention in the supporting memorandum of points and authorities, plaintiff was treated not three times a week, but three times a month for her asthma. AT 350. Treatment was in the emergency room only because her care had not been transferred to another physician after her move to another city. AT 337. While plaintiff was prescribed inhalers, there is no indication of a disabling asthmatic condition in the records of plaintiff's primary treating physician, Dr. Shadday. AT 100-109, 312-321, 350. There is no ambiguity in the record before the ALJ that would have required the ALJ to employ a consultative examiner. However, plaintiff testified her asthmatic condition was worsening. AT 349-350. Under these circumstances, the ALJ committed error in failing to obtain updated records of plaintiff's treatment.

    B. <u>Medical Opinions</u>

        Plaintiff further contends the ALJ failed to accord proper weight to the opinion of Dr. Shadday. The weight given to medical opinions depends in part on whether they are

4

proffered by treating, examining, or non-examining professionals. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id</u>.; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. <u>Id</u>. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. <u>Lester</u>, 81 F.3d at 831.

In a statement dated September 23, 2005, plaintiff's treating physician, Dr. Shadday, opined plaintiff could work 2-4 hours a day and, exertionally, could perform sedentary work.[2] AT 315-318. Inconsistently, Dr. Shadday also opined that plaintiff could stand/walk two

---

[2] "Sedentary work" is defined by 20 C.F.R. § 404.1567(a)(1996) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as

to four total hours during the day as well as sit two to four hours. AT 316. Although the report indicates plaintiff's condition is chronic, with an onset dating from the date of plaintiff's motor vehicle accident which caused a fractured femur, Dr. Shadday also opined plaintiff's limitations were due in part to her pregnancy. AT 128-130, 315-318. The ALJ, in discussing Dr. Shadday's report, characterized Dr. Shadday's opinion as attributing the impairments "primarily due to [plaintiff's] pregnancy." AT 19. While this conclusion may be supported by the medical records, there are ambiguities in Dr. Shadday's report with respect to the basis of his opinion and the extent of work limitations he assessed, which should have been clarified by the ALJ. See, e.g., AT 119 (compression fracture deformity of C6); AT 130 (disability assessed at only four weeks due to the traffic accident); AT 150-157 (state agency physicians opined in November 2004 and confirmed in January 2005 that plaintiff would be able to perform sedentary work after recovering from traffic accident injuries); AT 172 (preclusion on heavy lifting due to pregnancy). Because the ALJ's decision does not set forth the weight attributed to Dr. Shadday's opinion and the reasons therefor, this court cannot properly review the ALJ's assessment of this opinion. The matter thus will be remanded for further development to resolve the ambiguities in the record.[3]

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

---

> one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

[3] Plaintiff also assigns error to the ALJ's credibility finding and the Appeals Council's reliance on the Medical-Vocational guidelines. AT 12. Because the matter is being remanded for further proceedings, the court will not reach these arguments. However, on remand, if plaintiff's testimony regarding his subjective complaints is discredited, the ALJ must, in the absence of affirmative evidence showing that plaintiff is malingering, set forth clear and convincing reasons for rejecting plaintiff's testimony. Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). With respect to reliance on the grids, if the ALJ finds plaintiff has significant non-exertional limitations due to asthma, then vocational testimony will be required.

1    Accordingly, IT IS HEREBY ORDERED that:

2      1. Plaintiff's motion for summary judgment is denied;

3      2. The Commissioner's cross-motion for summary judgment is denied; and

4      3. This matter is remanded for further proceedings consistent with this order.

5  DATED: September 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006
hutsler.ss